1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone: (212) 335-4500
   Facsimile: (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  Los Angeles, CA 90071
   Telephone: (415) 986-5900
8  Facsimile: (415) 986-8054
   sgordon@gordonrees.com

9
   MICHAEL C. ZELLERS (SBN: 146904)
10 TUCKER ELLIS & WEST LLP
   515 South Flower Street, Suite 4200
11 Los Angeles, CA 90071-2223
   Telephone: (213) 430-3400
12 Facsimile: (213) 430-3409
   michael.zellers@tuckerellis.com
13
   Attorneys for Defendants
14 PFIZER INC., PHARMACIA CORPORATION,
   AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                      SAN FRANCISCO DIVISION
18

19 IN RE BEXTRA AND CELEBREX              ) MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND         )
20 PRODUCTS LIABILITY LITIGATION          ) CASE NO. 3:07-cv-3956-CRB
                                          )
21 *This document relates to*             )
                                          ) **PFIZER INC., PHARMACIA**
22 JAMES BUCKRIDGE, JERRY KING, TERRY     ) **CORPORATION, AND G.D.**
   SHIRLEY, and DAVID KOFFMAN,            ) **SEARLE LLC'S ANSWER TO**
                                          ) **COMPLAINT**
23            Plaintiffs,                 )
                                          ) **JURY DEMAND ENDORSED**
24       vs.                              ) **HEREIN**
                                          )
25 PFIZER, INC., PHARMACIA CORPORATION,   )
   G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.),)
26 and MONSANTO COMPANY,                  )
                                          )
27            Defendants.                 )
                                          )
28

                              -1-

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1]) ("Pharmacia"), and G.D. Searle LLC ("Searle"), (collectively "Defendants") and file their Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used Celebrex® (celecoxib) ("Celebrex®"). Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiffs were prescribed and used Celebrex®.

## II.

## ANSWER

## Response to Allegations Regarding Parties

1.       Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny that Plaintiffs are entitled to any relief or damages. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® were manufactured and packaged for Searle, which developed, tested, marketed, co-promoted, and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used

---

[1] Plaintiffs' Complaint names "Monsanto Company" as a Defendant. Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold, or distributed Celebrex®. Given that Plaintiffs allege in their Complaint that Monsanto Company was involved in distributing Celebrex®, *see* PLAINTIFFS' COMPLAINT at ¶ 8, Defendants assume Plaintiffs mean to refer to 1933 Monsanto. As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

6.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York. Defendants admit that, as the result of a merger in April 2003,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph

2  of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants

3  are without knowledge or information sufficient to form a belief as to the truth of such

4  allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of

5  time, Pfizer marketed and co-promoted Celebrex® in the United States, including California, to

6  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

7  accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

8  paragraph of the Complaint.

9  7.        Defendants admit that Searle is a Delaware limited liability company with its

10  principal place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in

11  2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became

12  subsidiaries of Pfizer.  Defendants admit that, during certain periods of time, Celebrex® was

13  manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

14  distributed Celebrex® in the United States to be prescribed by healthcare providers who are by

15  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

16  deny the remaining allegations in this paragraph of the Complaint.

17  8.        Defendants admit that in 1933 an entity known as Monsanto Company ("1933

18  Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of

19  1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name

20  to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company,

21  was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company

22  changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged

23  in the agricultural business and does not and has not ever manufactured, marketed, sold, or

24  distributed Celebrex®.  The 2000 Monsanto is not and has never been the parent of either

25  Searle or Pharmacia.  As the 2000 Monsanto does not and has not ever manufactured, marketed,

26  sold, or distributed Celebrex®, Defendants therefore state that the 2000 Monsanto is not a

27  proper party in this matter.  Defendants deny the remaining allegations in this paragraph of the

28  Complaint.  Defendants state that the response to this paragraph of the Complaint regarding

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1   Monsanto is incorporated by reference into Defendants' responses to each and every paragraph

2   of the Complaint referring to Monsanto and/or Defendants.

3   9.      Defendants admit that Pharmacia is a Delaware corporation with its principal place

4   of business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that,

5   as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

6   Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

7   Celebrex® in the United States, including California, to be prescribed by healthcare providers

8   who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

9   Defendants deny the remaining allegations in this paragraph of the Complaint.

10              **Response to Allegations Regarding Jurisdiction and Venue**

11  10.     Defendants are without knowledge or information to form a belief as to the truth of

12  the allegations in this paragraph of the Complaint regarding the amount in controversy, and,

13  therefore, deny that the same.  However, Defendants admit that Plaintiffs claim that the amount

14  in controversy exceeds $75,000, exclusive of interests and costs.

15  11.     Defendants are without knowledge or information to form a belief as to the truth of

16  the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the

17  amount in controversy, and, therefore, deny the same.   However, Defendants admit that

18  Plaintiffs claim that the parties are diverse and the amount in controversy exceeds $75,000,

19  exclusive of interests and costs.

20  12.     Defendants are without knowledge or information to form a belief as to the

21  allegations in this paragraph of the Complaint regarding the judicial district in which the

22  asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Celebrex®

23  was and is safe and effective when used in accordance with its FDA-approved prescribing

24  information.   Defendants deny committing a tort in the States of California, Arizona, and

25  Florida, and deny the remaining allegations in this paragraph of the Complaint.

26  13.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia

27  marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare

28  providers who are by law authorized to prescribe drugs in accordance with their approval by the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

2    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

3    Celebrex® in the United States to be prescribed by healthcare providers who are by law

4    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

5    that Pfizer, Pharmacia, and Searle are registered to and do business in the State of and

6    California.  Defendants state that the allegations in this paragraph of the Complaint regarding

7    "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

8    information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

9    the same.  Defendants deny committing a tort in the States of California, Arizona, and Florida,

10   and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Interdistrict Assignment**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

12   14.       Defendants state that this paragraph of the Complaint contains legal contentions to

13   which no response is required.  To the extent that a response is deemed required, Defendants

14   admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

15   and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

16   Panel on Multidistrict Litigation on September 6, 2005.

**Response to Factual Allegations**

18   15.       Defendants are without knowledge or information sufficient to form a belief as to

19   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

20   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21   effective when used in accordance with its FDA-approved prescribing information.  Defendants

22   state that the potential effects of Celebrex® were and are adequately described in its FDA-

23   approved prescribing information, which was at all times adequate and comported with

24   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

25   Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

26   paragraph of the Complaint.

27   16.       Defendants are without knowledge or information sufficient to form a belief as to

28   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

Celebrex® and, therefore, deny the same.   Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

17.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

18.       Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the remaining allegations in this paragraph of the Complaint.

19.       Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.       Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

22.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

23.     Defendants state that the allegations in this paragraph of the Complaint regarding "other pharmaceutical companies" are not directed towards Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiffs fail to provide the proper context for the remaining allegations in this paragraph and Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining allegations in this paragraph of the Complaint.

24.     Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Defendants

2   state that Celebrex® was and is safe and effective when used in accordance with its FDA-

3   approved prescribing information. Defendants state that the potential effects of Celebrex®

4   were and are adequately described in its FDA-approved prescribing information, which was at

5   all times adequate and comported with applicable standards of care and law. Defendants deny

6   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

7   25.      Defendants admit that Searle submitted a New Drug Application ("NDA") for

8   Celebrex® on June 29, 1998. Defendants admit that, on December 31, 1998, the FDA granted

9   approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of

10  osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.

11  Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to

12  reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis

13  ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny

14  the remaining allegations in this paragraph of the Complaint.

15  26.      Defendants admit that Celebrex® was launched in February 1999. Defendants

16  admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

17  Celebrex® in the United States to be prescribed by healthcare providers who are by law

18  authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit

19  that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

20  which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

21  to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

22  accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe

23  and effective when used in accordance with its FDA-approved prescribing information.

24  Defendants state that the potential effects of Celebrex® were and are adequately described in its

25  FDA-approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law. Defendants deny any wrongful conduct and deny the

27  remaining allegations in this paragraph of the Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

27.        Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28.        Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

29.        Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the allegations in this paragraph of the Complaint.

30.        Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

31.        Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20, 2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

32.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

33.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

34.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

35.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

36.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   37.    Defendants state that the referenced Medical Officer Review speaks for itself and

2   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

3   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

4   allegations in this paragraph of the Complaint.

5   38.    Plaintiffs fail to provide the proper context for the allegations concerning "Public

6   Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

7   knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

8   Defendants deny the remaining allegations in this paragraph of the Complaint.

9   39.    Defendants state that the referenced study speaks for itself and respectfully refer the

10  Court to the study for its actual language and text.  Any attempt to characterize the study is

11  denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public

12  Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

13  knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

14  Defendants deny the remaining allegations in this paragraph of the Complaint.

15  40.    Defendants admit that there was a clinical trial called APC.  Defendants state that

16  the referenced article speaks for itself and respectfully refer the Court to the article for its actual

17  language and text.  Any attempt to characterize the article is denied.  Defendants deny the

18  remaining allegations in this paragraph of the Complaint.

19  41.    Defendants state that the referenced Alert for Healthcare Professionals speaks for

20  itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual

21  language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

22  Defendants deny the remaining allegations in this paragraph of the Complaint.

23  42.    Defendants state that the referenced Medical Officer Review speaks for itself and

24  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

25  attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

26  allegations in this paragraph of the Complaint.

27  43.    Defendants admit that there was a clinical trial called PreSAP.  Plaintiffs fail to

28  provide the proper context for the allegations concerning "other Celebrex trials" contained in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   this paragraph of the Complaint.    Defendants therefore lack sufficient information or

2   knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  As

3   for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants

4   state that the referenced study speaks for itself and respectfully refer the Court to the study for

5   its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny

6   the remaining allegations in this paragraph of the Complaint.

7   44.    Defendants state that the referenced article speaks for itself and respectfully refer the

8   Court to the article for its actual language and text.  Any attempt to characterize the article is

9   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

10  45.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of

11  the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants

12  therefore lack sufficient information or knowledge to form a belief as to the truth of such

13  allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for

14  themselves and respectfully refer the Court to the studies for their actual language and text.

15  Any attempt to characterize the studies is denied.  Defendants deny the remaining allegations in

16  this paragraph of the Complaint.

17  46.    Defendants state that the referenced Medical Officer Review speaks for itself and

18  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

19  attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

20  allegations in this paragraph of the Complaint.

21  47.    Defendants state that allegations in this paragraph of the Complaint regarding

22  Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore

23  no response is required.  To the extent that a response is deemed required, Plaintiffs fail to

24  provide the proper context for the allegations in this paragraph of the Complaint regarding

25  Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

26  knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

27  Defendants state that the referenced study speaks for itself and respectfully refer the Court to

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    the study for its actual language and text. Any attempt to characterize the study is denied.

2    Defendants deny the remaining allegations in this paragraph of the Complaint.

3    48.        Defendants state that allegations in this paragraph of the Complaint regarding Merck

4    and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and

5    therefore no response is required. To the extent that a response is deemed required, Plaintiffs

6    fail to provide the proper context for the allegations in this paragraph of the Complaint

7    regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack

8    sufficient information or knowledge to form a belief as to the truth of such allegations and,

9    therefore, deny the same. Defendants state that the referenced study speaks for itself and

10   respectfully refer the Court to the study for its actual language and text. Any attempt to

11   characterize the study is denied. Defendants deny the remaining allegations in this paragraph of

12   the Complaint.

13   49.        Defendants state that allegations in this paragraph of the Complaint regarding Merck

14   and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and

15   therefore no response is required. To the extent that a response is deemed required, Plaintiffs

16   fail to provide the proper context for the allegations in this paragraph of the Complaint

17   regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack

18   sufficient information or knowledge to form a belief as to the truth of such allegations and,

19   therefore, deny the same. Defendants state that the referenced study speaks for itself and

20   respectfully refer the Court to the study for its actual language and text. Any attempt to

21   characterize the study is denied. Defendants state that the referenced article speaks for itself

22   and respectfully refer the Court to the article for its actual language and text. Any attempt to

23   characterize the article is denied. Defendants deny the remaining allegations in this paragraph

24   of the Complaint.

25   50.        Defendants state that Celebrex® was and is safe and effective when used in

26   accordance with its FDA-approved prescribing information. Defendants deny the allegations in

27   this paragraph of the Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1   51.      Defendants state that the referenced article speaks for itself and respectfully refer the

2   Court to the article for its actual language and text.  Any attempt to characterize the article is

3   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4   52.      Defendants state that allegations in this paragraph of the Complaint are not directed

5   toward Defendants, and therefore no response is required.  To the extent that a response is

6   deemed required, Defendants state that the referenced article speaks for itself and respectfully

7   refer the Court to the article for its actual language and text.  Any attempt to characterize the

8   article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

9   53.      Defendants deny the allegations in this paragraph of the Complaint.

10  54.      Defendants state that Celebrex® was and is safe and effective when used in

11  accordance with its FDA-approved prescribing information.  Defendants state that the potential

12  effects of Celebrex® were and are adequately described in its FDA-approved prescribing

13  information, which was at all times adequate and comported with applicable standards of care

14  and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny

15  the remaining allegations contained in this paragraph of the Complaint.

16  55.      Defendants deny any wrongful conduct and deny the allegations contained in this

17  paragraph of the Complaint.

18  56.      Defendants deny any wrongful conduct and deny the allegations contained in this

19  paragraph of the Complaint.

20  57.      Defendants state that Celebrex® was and is safe and effective when used in

21  accordance with its FDA-approved prescribing information.  Defendants state that the potential

22  effects of Celebrex® were and are adequately described in its FDA-approved prescribing

23  information, which was at all times adequate and comported with applicable standards of care

24  and law.  Defendants deny any wrongful conduct and deny the remaining allegations contained

25  in this paragraph of the Complaint.

26  58.      Defendants are without knowledge or information sufficient to form a belief as to

27  the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

28  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    effective when used in accordance with its FDA-approved prescribing information.  Defendants

2    state that the potential effects of Celebrex® were and are adequately described in its FDA-

3    approved prescribing information, which was at all times adequate and comported with

4    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

5    Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of

6    the Complaint.

7    59.        Defendants admit that the FDA Division of Drug Marketing, Advertising, and

8    Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005.  Defendants state

9    that the referenced letter speaks for itself and respectfully refer the Court to the letter for its

10   actual language and text.  Any attempt to characterize the letter is denied.  Defendants admit

11   that the DDMAC sent a letter to Searle dated October 6, 1999.  Defendants state that the

12   referenced letter speaks for itself and respectfully refer the Court to the letter for its actual

13   language and text.  Any attempt to characterize the letter is denied.  Defendants state that the

14   transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and

15   respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to

16   characterize the transcripts is denied.  Defendants state that the referenced study speaks for

17   itself and respectfully refer the Court to the article for its actual language and text.  Any attempt

18   to characterize the article is denied.  Defendants deny the remaining allegations in this

19   paragraph of the Complaint.

20   60.        Defendants state that Celebrex® was and is safe and effective when used in

21   accordance with its FDA-approved prescribing information.  Defendants state that the potential

22   effects of Celebrex® were and are adequately described in its FDA-approved prescribing

23   information, which was at all times adequate and comported with applicable standards of care

24   and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

25   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

26   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

27   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

28   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-16-

1   Celebrex® in the United States to be prescribed by healthcare providers who are by law

2   authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny

3   the remaining allegations in this paragraph of the Complaint.

4   61.     Defendants state that Celebrex® was and is safe and effective when used in

5   accordance with its FDA-approved prescribing information. Defendants state that the potential

6   effects of Celebrex® were and are adequately described in its FDA-approved prescribing

7   information, which was at all times adequate and comported with applicable standards of care

8   and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

9   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

10   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

11   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

12   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

13   Celebrex® in the United States to be prescribed by healthcare providers who are by law

14   authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state

15   that Celebrex® is a prescription medication which is approved by the FDA for the following

16   indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs

17   and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults;

18   (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous

19   colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g.,

20   endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing

21   spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in

22   patients two years of age and older. Defendants deny any wrongful conduct and deny the

23   remaining allegations in this paragraph of the Complaint.

24   62.     Defendants state that Celebrex® was and is safe and effective when used in

25   accordance with its FDA-approved prescribing information. Defendants state that the potential

26   effects of Celebrex® were and are adequately described in its FDA-approved prescribing

27   information, which at all times was adequate and comported with applicable standards of care

28   and law. Defendants state that Plaintiffs' allegations in this paragraph of the Complaint

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    regarding "predecessors in interest" are vague and ambiguous.    Defendants are without

2    knowledge or information to form a belief as to the truth of such allegations, and, therefore,

3    deny the same.    Defendants deny any wrongful conduct, deny that Celebrex® is defective, and

4    deny the allegations in this paragraph of the Complaint.

5    63.        Defendants state that Celebrex® was and is safe and effective when used in

6    accordance with its FDA-approved prescribing information.    Defendants state that the potential

7    effects of Celebrex® were and are adequately described in its FDA-approved prescribing

8    information, which was at all times adequate and comported with applicable standards of care

9    and law.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

10    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

11    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

12    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

13    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

14    Celebrex® in the United States to be prescribed by healthcare providers who are by law

15    authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants deny

16    the remaining allegations in this paragraph of the Complaint.

17    64.        Defendants state that Celebrex® was and is safe and effective when used in

18    accordance with its FDA-approved prescribing information.    Defendants state that the potential

19    effects of Celebrex® were and are adequately described in its FDA-approved prescribing

20    information, which at all times was adequate and comported with applicable standards of care

21    and law.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

22    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

23    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

24    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

25    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

26    Celebrex® in the United States to be prescribed by healthcare providers who are by law

27    authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants deny

28    the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

65.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

66.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

67.     Defendants deny the allegations in this paragraph of the Complaint.

68.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

69.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

70.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

71.      Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

72.      Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

73.      Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

74.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

2    remaining allegations in this paragraph of the Complaint.

3                    **Response to First Cause of Action: Negligence**

4    75.        Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

5    Complaint as if fully set forth herein.

6    76.        Defendants state that this paragraph of the Complaint contains legal contentions to

7    which no response is required.  To the extent that a response is deemed required, Defendants

8    admit that they had duties as are imposed by law but deny having breached such duties.

9    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

10   FDA-approved prescribing information.  Defendants state that the potential effects of

11   Celebrex® were and are adequately described in its FDA-approved prescribing information,

12   which was at all times adequate and comported with applicable standards of care and law.

13   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

14   the Complaint.

15   77.        Defendants state that this paragraph of the Complaint contains legal contentions to

16   which no response is required.  To the extent that a response is deemed required, Defendants

17   admit that they had duties as are imposed by law but deny having breached such duties.

18   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

19   FDA-approved prescribing information.  Defendants state that the potential effects of

20   Celebrex® were and are adequately described in its FDA-approved prescribing information,

21   which was at all times adequate and comported with applicable standards of care and law.

22   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23   the Complaint.

24   78.        Defendants state that Celebrex® was and is safe and effective when used in

25   accordance with its FDA-approved prescribing information.  Defendants state that the potential

26   effects of Celebrex® were and are adequately described in its FDA-approved prescribing

27   information, which was at all times adequate and comported with applicable standards of care

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

ANSWER TO COMPLAINT – 3:07-cv-3956-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

2   paragraph of the Complaint, including all subparts.

3   79.    Defendants are without knowledge or information sufficient to form a belief as to

4   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

5   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

6   effective when used in accordance with its FDA-approved prescribing information.  Defendants

7   state that the potential effects of Celebrex® were and are adequately described in its FDA-

8   approved prescribing information, which was at all times adequate and comported with

9   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

10  remaining allegations in this paragraph of the Complaint.

11  80.    Defendants state that Celebrex® was and is safe and effective when used in

12  accordance with its FDA-approved prescribing information.  Defendants state that the potential

13  effects of Celebrex® were and are adequately described in its FDA-approved prescribing

14  information, which was at all times adequate and comported with applicable standards of care

15  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

16  paragraph of the Complaint.

17  81.    Defendants are without knowledge or information sufficient to form a belief as to

18  the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

19  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

20  effective when used in accordance with its FDA-approved prescribing information.  Defendants

21  state that the potential effects of Celebrex® were and are adequately described in its FDA-

22  approved prescribing information, which was at all times adequate and comported with

23  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

24  Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

25  paragraph of the Complaint.

26  82.    Defendants are without knowledge or information sufficient to form a belief as to

27  the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

28  Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

ANSWER TO COMPLAINT – 3:07-cv-3956-CRB

Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

83.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

84.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Liability**

85.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

86.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

87.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

88.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint.

89.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

90.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint.

91.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

92.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    information, which was at all times adequate and comported with applicable standards of care

2    and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny

3    the remaining allegations in this paragraph of the Complaint.

4    93.       Defendants are without knowledge or information sufficient to form a belief as to

5    the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

6    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

7    effective when used in accordance with its FDA-approved prescribing information.  Defendants

8    state that the potential effects of Celebrex® were and are adequately described in its FDA-

9    approved prescribing information, which was at all times adequate and comported with

10   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

11   Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the

12   remaining allegations in this paragraph of the Complaint.

13   94.       Defendants state that Celebrex® was and is safe and effective when used in

14   accordance with its FDA-approved prescribing information.  Defendants state that the potential

15   effects of Celebrex® were and are adequately described in its FDA-approved prescribing

16   information, which was at all times adequate and comported with applicable standards of care

17   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

18   paragraph of the Complaint.

19   95.       Defendants are without knowledge or information sufficient to form a belief as to

20   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

21   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22   effective when used in accordance with its FDA-approved prescribing information.  Defendants

23   state that the potential effects of Celebrex® were and are adequately described in its FDA-

24   approved prescribing information, which was at all times adequate and comported with

25   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

26   Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

27   paragraph of the Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

96.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

97.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

98.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

99.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

100.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Breach of Express Warranty**

101.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

102.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   approved prescribing information, which was at all times adequate and comported with

2   applicable standards of care and law.  Defendants admit that they provided FDA-approved

3   prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

4   this paragraph of the Complaint.

5   103.    Defendants are without knowledge or information sufficient to form a belief as to

6   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

7   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

8   effective when used in accordance with its FDA-approved prescribing information.  Defendants

9   state that the potential effects of Celebrex® were and are adequately described in its FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law.  Defendants admit that they provided FDA-approved

12  prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and

13  deny the remaining allegations in this paragraph of the Complaint, including all subparts.

14  104.    Defendants admit that they provided FDA-approved prescribing information

15  regarding Celebrex®.  Defendants deny any wrongful conduct and deny the remaining

16  allegations in this paragraph of the Complaint.

17  105.    Defendants state that Celebrex® was and is safe and effective when used in

18  accordance with its FDA-approved prescribing information.  Defendants state that the potential

19  effects of Celebrex® were and are adequately described in its FDA-approved prescribing

20  information, which was at all times adequate and comported with applicable standards of care

21  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

22  paragraph of the Complaint.

23  106.    Defendants state that Celebrex® was and is safe and effective when used in

24  accordance with its FDA-approved prescribing information.  Defendants state that the potential

25  effects of Celebrex® were and are adequately described in its FDA-approved prescribing

26  information, which was at all times adequate and comported with applicable standards of care

27  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

28  paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    107.    Defendants are without knowledge or information sufficient to form a belief as to

2    the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

3    Celebrex®, and, therefore, deny the same.    Defendants state that the potential effects of

4    Celebrex® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants admit that they provided FDA-approved prescribing information regarding

7    Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

8    108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs

9    injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

10   109.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs

11   injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

12   110.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs

13   injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

14   **Response to Fourth Cause of Action: Breach of Implied Warranty**

15   111.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

16   Complaint as if fully set forth herein.

17   112.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia

18   marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare

19   providers who are by law authorized to prescribe drugs in accordance with their approval by the

20   FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

21   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

22   Celebrex® in the United States to be prescribed by healthcare providers who are by law

23   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

24   the remaining allegations in this paragraph of the Complaint.

25   113.    Defendants state that Celebrex® was and is safe and effective when used in

26   accordance with its FDA-approved prescribing information.  Defendants state that the potential

27   effects of Celebrex® were and are adequately described in its FDA-approved prescribing

28   information, which was at all times adequate and comported with applicable standards of care

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   and law.   Defendants admit that they provided FDA-approved prescribing information

2   regarding Celebrex®.   Defendants deny the remaining allegations in this paragraph of the

3   Complaint.

4   114.        Defendants state that Celebrex® was and is safe and effective when used in

5   accordance with its FDA-approved prescribing information.   Defendants state that the potential

6   effects of Celebrex® were and are adequately described in its FDA-approved prescribing

7   information, which was at all times adequate and comported with applicable standards of care

8   and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

9   115.        Defendants are without knowledge or information sufficient to form a belief as to

10  the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

11  Celebrex®, and, therefore, deny the same.   Defendants state that Celebrex® was and is safe and

12  effective when used in accordance with its FDA-approved prescribing information.   Defendants

13  state that the potential effects of Celebrex® were and are adequately described in its FDA-

14  approved prescribing information, which was at all times adequate and comported with

15  applicable standards of care and law.   Defendants admit that they provided FDA-approved

16  prescribing information regarding Celebrex®.   Defendants deny the remaining allegations in

17  this paragraph of the Complaint.

18  116.        Defendants are without knowledge or information sufficient to form a belief as to

19  the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

20  Celebrex® and, therefore, deny the same.    Defendants state that, in the ordinary case,

21  Celebrex® was expected to reach users and consumers without substantial change from the

22  time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

23  117.        Defendants are without knowledge or information sufficient to form a belief as to

24  the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

25  Celebrex® and, therefore, deny the same.   Defendants state that Celebrex® was and is safe and

26  effective when used in accordance with its FDA-approved prescribing information.   Defendants

27  state that the potential effects of Celebrex® were and are adequately described in its FDA-

28  approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they

2    breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

3    118.        Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs

4    injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

5    119.        Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs

6    injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

7    120.        Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs

8    injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

9    **Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

10   121.        Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

11   Complaint as if fully set forth herein.

12   122.        Defendants state that this paragraph of the Complaint contains legal contentions to

13   which no response is required.  To the extent that a response is deemed required, Defendants

14   admit that they had duties as are imposed by law but deny having breached such duties.

15   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

16   FDA-approved prescribing information.  Defendants state that the potential effects of

17   Celebrex® were and are adequately described in its FDA-approved prescribing information,

18   which was at all times adequate and comported with applicable standards of care and law.

19   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

20   the Complaint.

21   123.        Defendants state that Celebrex® was and is safe and effective when used in

22   accordance with its FDA-approved prescribing information.  Defendants state that the potential

23   effects of Celebrex® were and are adequately described in its FDA-approved prescribing

24   information, which was at all times adequate and comported with applicable standards of care

25   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

26   paragraph of the Complaint, including all subparts.

27   124.        Defendants state that Celebrex® was and is safe and effective when used in

28   accordance with its FDA-approved prescribing information.  Defendants state that the potential

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  effects of Celebrex® were and are adequately described in its FDA-approved prescribing

2  information, which was at all times adequate and comported with applicable standards of care

3  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

4  paragraph of the Complaint.

5  125.    Defendants are without knowledge or information sufficient to form a belief as to

6  the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

7  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

8  effective when used in accordance with its FDA-approved prescribing information.  Defendants

9  state that the potential effects of Celebrex® were and are adequately described in its FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

12  Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this

13  paragraph of the Complaint.

14  126.    Defendants state that Celebrex® was and is safe and effective when used in

15  accordance with its FDA-approved prescribing information.  Defendants state that the potential

16  effects of Celebrex® were and are adequately described in its FDA-approved prescribing

17  information, which was at all times adequate and comported with applicable standards of care

18  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

19  paragraph of the Complaint.

20  127.    Defendants are without knowledge or information sufficient to form a belief as to

21  the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

22  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information.  Defendants

24  state that the potential effects of Celebrex® were and are adequately described in its FDA-

25  approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

27  remaining allegations in this paragraph of the Complaint.

28

128.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

129.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

130.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

131.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

135.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Unjust Enrichment**

136.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

137.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

2    the remaining allegations in this paragraph of the Complaint.

3    138.    Defendants are without knowledge or information sufficient to form a belief as to

4    the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

5    Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

6    paragraph of the Complaint.

7    139.    Defendants are without knowledge or information sufficient to form a belief as to

8    the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

9    Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

10   paragraph of the Complaint.

11   140.    Defendants are without knowledge or information sufficient to form a belief as to

12   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

13   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

14   effective when used in accordance with its FDA-approved prescribing information.  Defendants

15   state that the potential effects of Celebrex® were and are adequately described in its FDA-

16   approved prescribing information, which was at all times adequate and comported with

17   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

18   remaining allegations in this paragraph of the Complaint.

19   141.    Defendants are without knowledge or information sufficient to form a belief as to

20   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

21   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22   effective when used in accordance with its FDA-approved prescribing information.  Defendants

23   state that the potential effects of Celebrex® were and are adequately described in its FDA-

24   approved prescribing information, which was at all times adequate and comported with

25   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

26   remaining allegations in this paragraph of the Complaint.

27   142.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs

28   injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

1

**Response to Prayer for Relief**

2  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

3  damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for

4  Relief," including all subparts.

5

**III.**

6

**GENERAL DENIAL**

7  Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

8  Complaint that have not been previously admitted, denied, or explained.

9

**IV.**

10

**AFFIRMATIVE DEFENSES**

11  Defendants reserve the right to rely upon any of the following or additional defenses to

12  claims asserted by Plaintiffs to the extent that such defenses are supported by information

13  developed through discovery or evidence at trial. Defendants affirmatively show that:

14

**First Defense**

15  1.    The Complaint fails to state a claim upon which relief can be granted.

16

**Second Defense**

17  2.    Celebrex® is a prescription medical product. The federal government has preempted

18  the field of law applicable to the labeling and warning of prescription medical products.

19  Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable

20  federal law. Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon

21  which relief can be granted; such claims, if allowed, would conflict with applicable federal law

22  and violate the Supremacy Clause of the United States Constitution.

23

**Third Defense**

24  3.    At all relevant times, Defendants provided proper warnings, information, and

25  instructions for the drug in accordance with generally recognized and prevailing standards in

26  existence at the time.

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Fourth Defense**

2    4.    At all relevant times, Defendants' warnings and instructions with respect to the use of

3    Celebrex® conformed to the generally recognized, reasonably available, and reliable state of

4    knowledge at the time the drug was manufactured, marketed, and distributed.

5    **Fifth Defense**

6    5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the

7    applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

8    **Sixth Defense**

9    6.    Plaintiffs' action is barred by the statute of repose.

10    **Seventh Defense**

11    7.    Plaintiffs' claims against Defendants are barred to the extent Plaintiffs were

12    contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and

13    any recovery by Plaintiffs should be diminished accordingly.

14    **Eighth Defense**

15    8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or

16    omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

17    part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

18    liable in any way.

19    **Ninth Defense**

20    9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

21    intervening causes for which Defendants cannot be liable.

22    **Tenth Defense**

23    10.    Any injuries or expenses incurred by Plaintiffs were not caused by Celebrex®, but were

24    proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

25    of God.

26    **Eleventh Defense**

27    11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs .

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Celebrex® is a prescription medical product, available only on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Eighteenth Defense**

18.     Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.     Plaintiffs knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.     Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.     Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.     The manufacture, distribution, and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23.     Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.     Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1

### Twenty-fifth Defense

2  25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

3  "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

4  of Comment j to Section 402A of the Restatement (Second) of Torts.

5

### Twenty-sixth Defense

6  26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

7  because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

8  Restatement (Second) of Torts § 402A, Comment k.

9

### Twenty-seventh Defense

10  27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

11  product at issue "provides net benefits for a class of patients" within the meaning of Comment f

12  to § 6 of the Restatement (Third) of Torts: Products Liability.

13

### Twenty-eighth Defense

14  28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

15  Products Liability.

16

### Twenty-ninth Defense

17  29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

18  facts sufficient under the law to justify an award of punitive damages.

19

### Thirtieth Defense

20  30.    Defendants affirmatively aver that the imposition of punitive damages in this case

21  would violate Defendants' rights to procedural due process under the Fourteenth Amendment of

22  the United States Constitution and the Constitutions of the States of Arizona, Florida, and

23  California, and would additionally violate Defendants' rights to substantive due process under

24  the Fourteenth Amendment of the United States Constitution.

25

### Thirty-first Defense

26  31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

27  Fourteenth Amendments to the United States Constitution.

28

1

### Thirty-second Defense

2    32.    The imposition of punitive damages in this case would violate the First Amendment to

3    the United States Constitution.

4

### Thirty-third Defense

5    33.    Plaintiffs' punitive damage claims are preempted by federal law.

6

### Thirty-fourth Defense

7    34.    In the event that reliance was placed upon Defendants' nonconformance to an express

8    representation, this action is barred as there was no reliance upon representations, if any, of

9    Defendants.

10

### Thirty-fifth Defense

11    35.    Plaintiffs failed to provide Defendants with timely notice of any alleged

12    nonconformance to any express representation.

13

### Thirty-sixth Defense

14    36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without

15    proof of causation, the claims violate Defendants' rights under the United States Constitution.

16

### Thirty-seventh Defense

17    37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and

18    labeling with respect to the subject pharmaceutical products were not false or misleading and,

19    therefore, constitute protected commercial speech under the applicable provisions of the United

20    States Constitution.

21

### Thirty-eighth Defense

22    38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

23    caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

24    law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

25    protections afforded by the United States Constitution, the excessive fines clause of the Eighth

26    Amendment of the United States Constitution, the Commerce Clause of the United States

27    Constitution, and the Full Faith and Credit Clause of the United States Constitution, and

28    applicable provisions of the Constitutions of the States of Arizona, Florida, and California.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Any law, statute, or other authority purporting to permit the recovery of punitive damages in

2    this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1)

3    lacks constitutionally sufficient standards to guide and restrain the jury's discretion in

4    determining whether to award punitive damages and/or the amount, if any; (2) is void for

5    vagueness in that it failed to provide adequate advance notice as to what conduct will result in

6    punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct,

7    conduct that complied with applicable law, or conduct that was not directed, or did not

8    proximately cause harm, to Plaintiffs ; (4) permits recovery of punitive damages in an amount

9    that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to

10   the amount of compensatory damages, if any; (5) permits jury consideration of net worth or

11   other financial information relating to Defendants; (6) lacks constitutionally sufficient standards

12   to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks

13   constitutionally sufficient standards for appellate review of punitive damages awards; and (8)

14   otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific*

15   *Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance*

16   *Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559

17   (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**Thirty-ninth Defense**

18   

19   39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

20   and marketing of Celebrex®, if any, used in this case, included adequate warnings and

21   instructions with respect to the product's use in the package insert and other literature, and

22   conformed to the generally recognized, reasonably available, and reliable state of the

23   knowledge at the time the product was marketed.

**Fortieth Defense**

24   

25   40.    The claims asserted in the Complaint are barred because Celebrex® was designed,

26   tested, manufactured, and labeled in accordance with the state-of-the-art industry standards

27   existing at the time of the sale.

28   

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Forty-first Defense**

2    41.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon

3    information and belief, such injuries and losses were caused by the actions of persons not

4    having real or apparent authority to take said actions on behalf of Defendants and over whom

5    Defendants had no control and for whom Defendants may not be held accountable.

6    **Forty-second Defense**

7    42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

8    was not unreasonably dangerous or defective, was suitable for the purpose for which it was

9    intended, and was distributed with adequate and sufficient warnings.

10    **Forty-third Defense**

11    43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

12    waiver, and/or estoppel.

13    **Forty-fourth Defense**

14    44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the

15    pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or

16    illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were

17    independent of or far removed from Defendants' conduct.

18    **Forty-fifth Defense**

19    45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

20    did not proximately cause injuries or damages to Plaintiffs.

21    **Forty-sixth Defense**

22    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

23    did not incur any ascertainable loss as a result of Defendants' conduct.

24    **Forty-seventh Defense**

25    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

26    manufacturing, labeling, packaging, and any advertising of the product complied with the

27    applicable codes, standards and regulations established, adopted, promulgated or approved by

28

1    any applicable regulatory body, including but not limited to the United States, any state, and

2    any agency thereof.

3    **Forty-eighth Defense**

4    48.    The claims must be dismissed because Plaintiffs would have taken Celebrex® even if

5    the product labeling contained the information that Plaintiffs contend should have been

6    provided.

7    **Forty-ninth Defense**

8    49.    The claims asserted in the Complaint are barred because the utility of Celebrex®

9    outweighed its risks.

10    **Fiftieth Defense**

11    50.    Plaintiffs' damages, if any, are barred or limited by the payments received from

12    collateral sources.

13    **Fifty-first Defense**

14    51.    Defendants' liability, if any, can only be determined after the percentages of

15    responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if

16    any, are determined.   Defendants seek an adjudication of the percentage of fault of the

17    claimants and each and every other person whose fault could have contributed to the alleged

18    injuries and damages, if any, of Plaintiffs .

19    **Fifty-second Defense**

20    52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the

21    common law gives deference to discretionary actions by the United States Food and Drug

22    Administration under the Federal Food, Drug, and Cosmetic Act.

23    **Fifty-third Defense**

24    53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

25    is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

26    ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs'

27    claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

28    FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   and with the specific determinations by FDA specifying the language that should be used in the

2   labeling accompanying Celebrex®.    Accordingly, Plaintiffs' claims are preempted by the

3   Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

4   United States.

### Fifty-fourth Defense

5

6   54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

7   required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

8

9   55.    Defendants state on information and belief that the Complaint and each purported cause

10  of action contained therein is barred by the statutes of limitations contained in California Code

11  of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

12  as may apply.

### Fifty-sixth Defense

13

14  56.    Defendants state on information and belief that any injuries, losses, or damages suffered

15  by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable

16  conduct of persons or entities other than Defendants.    Therefore, Plaintiffs' recovery against

17  Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

18

19  57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

20  Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

21  Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

22  damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

23

24  58.    Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by

25  Rule 1.120 of the Florida Rules of Civil Procedure.

### Fifty-ninth Defense

26

27  59.    Plaintiffs' claims are barred because Celebrex® was designed, manufactured, and

28  marketed in accordance with the state of the art at the time of manufacture per § 768.1257,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Florida Statutes.

2    **Sixtieth Defense**

3    60.    Celebrex® is not defective or unreasonably dangerous, and Defendants are not liable

4    because, at the time of sale or distribution of the Celebrex® alleged to have been used by

5    Plaintiffs, Defendants had complied with applicable regulations of the federal Food & Drug

6    Administration and are entitled to application of § 768.1256, Florida Statutes.

7    **Sixty-first Defense**

8    61.    Plaintiffs' injuries and damages, if any, were proximately caused by the negligence or

9    fault of Plaintiffs, or persons or parties whose identities are unknown at this time, and such

10    comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiffs'

11    recovery.  Thus, Defendants are entitled to have their liability to the Plaintiffs, if any, reduced

12    as a result of the negligence or fault of said persons or entities, pursuant to the provisions of §

13    768.81, Florida Statutes.  To the extent any recovery is permitted in this case, pursuant to §§

14    768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of Defendants'

15    percentage of fault, taking into account the percentage of fault attributable to all other persons,

16    whether or not a party hereto, and not on the basis of joint and several liability.  The persons or

17    entities referred to in this paragraph that are presently unknown to Defendants will be identified

18    in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996).

19    **Sixty-second Defense**

20    62.    Plaintiffs fail to state a claim for violation of The Florida Deceptive and Unfair Trade

21    Practices Act ("FDUTPA").

22    **Sixty-third Defense**

23    63.    FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiffs'

24    FDUTPA claim is improper and should be dismissed.

25    **Sixty-fourth Defense**

26    64.    The acts or practices of which Plaintiffs complain were and are required or specifically

27    permitted by federal or state law.  Therefore, Plaintiffs' FDUTPA claim is barred, fails to state

28    a claim, and should be dismissed with prejudice.

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixty-fifth Defense**

65.    Plaintiffs lack standing because Defendants did not engage in deceptive conduct with regard to Plaintiffs or otherwise.

**Sixty-sixth Defense**

66.    Plaintiffs' claims are barred in whole or in part by the affirmative defenses referenced in A.R.S. § 12-683.

**Sixty-seventh Defense**

67.    Any claims for breach of warranty are barred for lack of reasonable reliance, lack of timely notice, lack of privity, and because the alleged warranties were excluded and/or disclaimed.

**Sixty-eighth Defense**

68.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses, or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

1   September 18, 2007                          GORDON & REES LLP

2

3                                              By: :_____/s/_____

4                                                  Stuart M. Gordon
                                                   sgordon@gordonrees.com
5                                                  Embarcadero Center West
                                                   275 Battery Street, 20th Floor
6                                                  San Francisco, CA 94111
                                                   Telephone:  (415) 986-5900
7                                                  Fax:  (415) 986-8054

8   September 18, 2007                          TUCKER ELLIS & WEST LLP

9

10                                             By: :_____/s/_____

11                                                 Michael C. Zellers
                                                   michael.zellers@tuckerellis.com
12                                                 515 South Flower Street, Suite 4200
                                                   Los Angeles, CA 90071
13                                                 Telephone:  (213) 430-3400
                                                   Fax:  (213) 430-3409
14
                                                   Attorneys for Defendants
15                                                 PFIZER INC., PHARMACIA
                                                   CORPORATION, and G.D. SEARLE
16                                                 LLC

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-47-

1

## **JURY DEMAND**

2   Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3   trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4   Procedure.

5   September 18, 2007                              GORDON & REES LLP

6

7                                                   By: :_____/s/_____

8                                                   Stuart M. Gordon
                                                    sgordon@gordonrees.com
9                                                   Embarcadero Center West
                                                    275 Battery Street, 20th Floor
10                                                  San Francisco, CA  94111
                                                    Telephone:  (415) 986-5900
11                                                  Fax:  (415) 986-8054

12  September 18, 2007                              TUCKER ELLIS & WEST LLP

13

14                                                  By:_____/s/_____

15                                                  Michael C. Zellers
                                                    michael.zellers@tuckerellis.com
16                                                  515 South Flower Street, Suite 4200
                                                    Los Angeles, CA 90071
17                                                  Telephone:  (213) 430-3400
                                                    Fax:  (213) 430-3409

18                                                  Attorneys for Defendants
                                                    PFIZER INC., PHARMACIA
19                                                  CORPORATION, and G.D. SEARLE
                                                    LLC
20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111